# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2022

Lyle W. Cayce
Clerk

No. 21-51004
consolidated with
No. 21-51021
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Adrian Carchi-Fernandez,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-477-1
USDC No. 4:21-CR-643-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:[*]

In these consolidated appeals, Luis Adrian Carchi-Fernandez appeals from the sentence imposed following his guilty plea conviction for illegal

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51004
c/w No. 21-51021

reentry after having previously been removed, pursuant to 8 U.S.C. § 1326(a) and (b)(1). Carchi-Fernandez contends, for the first time on appeal, that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than as an element of the offense. He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for future review and has filed an unopposed motion for summary disposition. Carchi-Fernandez also appeals from the revocation of a previously imposed term of supervised release, but he does not address the validity of the revocation or the revocation sentence in his brief on appeal, so he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As Carchi-Fernandez concedes, the issue he raises is foreclosed by *Almendarez-Torres. See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because this position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper. Accordingly, Carchi-Fernandez's motion for summary disposition is GRANTED, and the judgments of the district court are AFFIRMED.